107 F.3d 13
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Cordell HOWARD, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-1078.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 27, 1997.*
Decided Jan. 30, 1997.
 
 Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Cordell Howard pleaded guilty to an indictment charging him with conspiracy to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. He received a base offense level that was grounded on responsibility for five to fifteen kilograms of cocaine, U.S.S.G. § 2D1.1(c), and, after a downward adjustment for acceptance of responsibility, was sentenced to 122 months in prison. Howard did not take a direct appeal. He now appeals the summary dismissal of his motion attacking his sentence filed pursuant to 28 U.S.C. § 2255, and we affirm.
 
 
 2
 Howard makes two arguments on appeal: 1) that trial counsel was ineffective at sentencing because he did not challenge the quantity of cocaine attributed to Howard; and 2) that the district court violated due process (or alternatively, committed a "fundamental miscarriage of justice") in determining the quantity of cocaine attributable to Howard. We conclude that Howard's guilty plea forecloses these claims.
 
 
 3
 Howard notes that the district court did not mention an affidavit submitted with the § 2255 motion, in which Howard declared that he had consistently told his trial counsel that his involvement in the conspiracy amounted to no more than two kilograms of cocaine. However, Howard has not challenged his guilty plea, but rather his counsel's performance and the district court's factfinding at sentencing proceedings. The indictment to which he pleaded guilty charged him with conspiracy to distribute "five kilograms or more of cocaine." Howard affirmed in his plea agreement that he "has read and fully understands the charge contained in the Indictment." His counsel could not have been ineffective for failing to raise an argument precluded by the plea. Likewise, the district court could not have lacked sufficient evidence of Howard's responsibility for at least five kilograms of cocaine, given his admission to the charge in the indictment.
 
 
 4
 The judgment dismissing the § 2255 motion is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)